TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

MICHAEL K. ROBERTSON (VA Bar 80866)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone 202-305-9609 || Fax 202-305-0506
michael.robertson@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00078-SLG |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants United

States Department of the Interior (DOI); Deb Haaland, in her official capacity as

Secretary of the Interior; Interior Board of Land Appeals; Steven J. Lechner, in his

official capacity as Acting Chief Administrative Judge of the Interior Board of Land Appeals; Bureau of Land Management (BLM); Tracy Stone-Manning, in her official capacity as Director of the BLM; BLM Alaska State Office; and Steven Cohn, in his official capacity as State Director of the BLM Alaska State Office[1]; plead as follows in response to Plaintiff's Complaint (ECF 1). The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiff's Complaint. Defendants do not respond specifically to the section headings included in the Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny the allegations. Any allegation not specifically admitted is deemed denied.

## INTRODUCTION

1.     The allegations of paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, these allegations are denied.

2.     The allegations of the first sentence of paragraph 2 appear to purport to characterize Public Land Order No. 2214 ("PLO 2214"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 2 purport to characterize the Alaska National Interest Lands Conservation Act of 1980, 16 U.S.C. Sections 3101–3233 ("ANILCA"), which speaks for itself and provides the best

[1] Pursuant to F.R.C.P. 25(d), recently appointed BLM Alaska State Director Steven Cohn has been automatically substituted for Thomas Heinlein.

*Alaska v. Dep't of the Interior,*
Defs.' Answer To Complaint

Case No. 3:22-cv-00078-SLG
2

evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the third sentence of paragraph 2 purport to characterize the Interior Board of Land Appeals (IBLA) decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the fourth sentence of paragraph 2 constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

3. The allegations of the first sentence of paragraph 3 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants admit the allegations of the second sentence of paragraph 3 that under the Alaska Statehood Act and Section 906 of ANILCA Plaintiff filed applications for general grant lands in townships along the northwestern boundary of ANWR, and deny any remaining allegations of the second sentence.

4. The allegations of the first sentence of paragraph 4 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit that BLM conducted surveys concerning the Arctic National Wildlife Range ("Range") now known as the Arctic National Wildlife Refuge ("Refuge"). The remaining allegations in paragraph 4 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and

deny them on that basis.

5.     Defendants deny the allegations of paragraph 5.

6.     The allegations of the first sentence of paragraph 6 consist of legal
conclusions, to which no response is required. To the extent a response is required, these
allegations are denied. The allegations of the second sentence of paragraph 6 constitute
Plaintiff's request for relief, to which no response is required. To the extent a response is
required, Defendants deny that Plaintiff is entitled to the relief sought or any form of
relief.

## PARTIES

7.     Defendants admit the allegations of the first sentence of paragraph 7 that
the State of Alaska is one of the fifty states that comprise the United States of America.
The remaining allegations of the first sentence of paragraph 7 purport to characterize the
Alaska Statehood Act, 72 Stat. 339, Public Law 85-508, 85th Congress, H. R. 7999 (July
7, 1958) ("Statehood Act"), which speaks for itself and provides the best evidence of its
contents. Any allegations contrary to its plain language, meaning, and context are denied.
The allegations of the second and third sentences of paragraph 7 purport to characterize
ANILCA, which speaks for itself and provides the best evidence of its contents. Any
allegations contrary to its plain language, meaning, and context are denied. The
allegations of the fourth sentence of paragraph 7 consist of legal conclusions, to which no
response is required. To the extent a response is required, these allegations are denied.

8.     Defendants admit the allegations of paragraph 8.

9.     Defendants admit the allegations of paragraph 9.

10.     Defendants admit that the Interior Board of Land Appeals ("IBLA") is an appellate review board within the Department of the Interior, and otherwise deny the allegations of paragraph 10.

11.     Defendants admit the allegations of paragraph 11.

12.     Defendants admit that BLM is a bureau within the Department of the Interior, but otherwise deny the allegations of paragraph 12.

13.     Defendants admit the allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14, and aver that Steven Cohn is the Director of the BLM Alaska Office and is being sued in his official capacity.

## JURISDICTION AND VENUE

15.     The allegations of paragraph 15 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

16.     The allegations of paragraph 16 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## FACTS

17.     Defendants admit the allegations of paragraph 17.

18.     The allegations of paragraph 18 purport to characterize the November 18, 1957 application for withdrawal of the proposed Arctic Wildlife Range that was submitted by the Director of the United States Fish and Wildlife Service ("USFWS"), Bureau of Sport Fisheries, to the Secretary of the Interior, through the BLM

("Withdrawal Application"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

19.     Defendants admit the allegations of paragraph 19 that the Canning River has flowed through Alaska's North Slope since before 1957. The remaining allegations in paragraph 19 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

20.     The allegations of paragraph 20 purport to characterize a BLM field report issued on the Withdrawal Application on April 11, 1958 ("1958 BLM Field Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

21.     The allegations of paragraph 21 appear to purport to characterize the 1958 BLM Field Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

22.     Defendants admit the allegations of the first sentence of paragraph 22. The allegations of the second and third sentences of paragraph 22 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

23.     The allegations of paragraph 23 purport to characterize the Withdrawal Application, the 1958 BLM Field Report, and PLO 2214, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain

language, meaning, and context are denied.

24.     Defendants deny the allegations of the first and second sentences of paragraph 24. The allegations of the third sentence of paragraph 24 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis

25.     Defendants admit the allegations of paragraph 25 that the northwestern boundary of the former Range established by PLO 2214 has not since changed, and otherwise deny any remaining allegations of paragraph 25.

26.     Defendants admit the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27 that the townships selected in Plaintiff's 1964 applications for general land grants under Section 6(b) of the Statehood Act ("1964 Land Grant Selection Applications)" were located along the Range's northwest boundary. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 and on that basis deny them.

28.     Defendants deny the allegations of paragraph 28.

29.     The allegations of paragraph 29 purport to characterize BLM conveyance decisions dated October 9, 1964, and January 15, 1965, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

30.     The allegations of paragraph 30 purport to characterize BLM conveyance

decisions dated February 4, 1965, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

31.     Defendants admit the allegations of paragraph 31 that in 1968 Plaintiff filed an application for general grant lands for Township 6 North, Range 23 East, Umiat Meridian. The remaining allegations in paragraph 31 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

32.     The allegations of paragraph 32 purport to characterize Plaintiff's 1972 amendments of its 1968 applications for general land grants under Section 6(b) of the Statehood Act ("1968 Amended Land Grant Selection Applications"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

33.     The allegations of the first and second sentences of paragraph 33 purport to characterize BLM's 1974 conveyance decision tentatively approving in part the 1968 Amended Land Grant Selection Applications ("1974 Partial Tentative Approval"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the third sentence of paragraph 33 that BLM has not withdrawn or amended the 1974 Partial Tentative Approval.  Except as expressly admitted, the remaining allegations in the third sentence of paragraph 33 are denied.

34.     Defendants admit the allegations of paragraph 34.

35.     The allegations of paragraph 35 purport to characterize the BLM special instructions dated March 3, 1965 ("1965 Special Instructions"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

36.     The allegations of paragraph 36 purport to characterize the 1965 Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

37.     The allegations of paragraph 37 purport to characterize the 1965 Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

38.     The allegations of paragraph 38 purport to characterize the 1947 BLM Manual of Instructions for the Survey of the Public Lands of the United States ("1947 Survey Manual"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

39.     The allegations of paragraph 39 purport to characterize the 1947 Survey Manual, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

40.     Defendants admit the allegations of paragraph 40.

41.     Defendants deny the allegations of the first sentence of paragraph 41. The allegations of the second and third sentences of paragraph 41 purport to characterize the

survey plats and field notes documenting BLM's 1965 surveys ("1965 Survey Plats" and "1965 Field Notes," respectively), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

42.     The allegations of paragraph 42 purport to characterize the 1965 Survey Plats, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

43.     The allegations of the first sentence of paragraph 43 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 43 purport to characterize 1965 Survey Plats, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny the allegations of the third sentence of paragraph 43.

44.     Defendants admit the allegations of the first sentence of paragraph 44 that BLM utilized U.S. Geological Survey (USGS) topographical maps in preparing the 1965 Survey Plats, and deny any remaining allegations of the first sentence. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 44 and on that basis deny them.

45.     The allegations of the first sentence of paragraph 45 appear to purport to characterize the 1965 Field Notes, which speak for themselves and provide the best

evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of the second and third sentences of paragraph 45 are denied.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit the allegations of the first sentence of paragraph 47. The allegations of the second and third sentences of paragraph 47 purport to characterize the September 19, 2003 BLM memorandum requesting a rectangular net survey on window 1654, Dalton East ("2003 Memorandum"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

48.     The allegations of paragraph 48 purport to characterize the BLM special instructions dated October 1, 2003, which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

49.     Defendants admit the allegations of paragraph 49.

50.     Defendants admit the allegations of paragraph 50 that the BLM approved amended special instructions in the spring of 2012. The remaining allegations of paragraph 50 purport to characterize the BLM amended special instructions dated April 22, 2012 ("2012 Amended Special Instructions"), which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

51.     The allegations of paragraph 51 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

52.     The allegations of paragraph 52 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

53.     The allegations of paragraph 53 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

54.     The allegations of paragraph 54 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

55.     Defendants admit the allegations of paragraph 55.

56.     The allegations of paragraph 56 appear to purport to characterize the survey plats and field notes for the 2012 BLM survey ("2012 Survey Plat and Field Notes"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

57.     The allegations in the first sentence of paragraph 57 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.  The remaining allegations of paragraph 57

are denied.

58.     The allegations of paragraph 58 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

59.     The allegations of paragraph 59 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

60.     The allegations of paragraph 60 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

61.     The allegations of paragraph 61 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

62.     Defendants admit the allegations of the first sentence of paragraph 62 that in May 2003 a hydrologist and cartographer from the USFWS began a field reconnaissance of a portion of the Staines/Canning River system, and deny any remaining allegations of the first sentence. The allegations of the second, third, and fourth sentences of paragraph 62 appear to purport to characterize the 2003 USFWS Trip Report for the Staines/Canning River Field Investigation ("2003 Trip Report"), which speaks for itself

and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63. Defendants deny the allegations of paragraph 63.

64. The allegations of paragraph 64 purport to characterize the 2012 Survey Plats and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

65. The allegations of paragraph 65 purport to characterize the 2012 BLM Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

66. Defendants admit the allegations of paragraph 66.

67. The allegations of paragraph 67 purport to characterize the Master Title Plat for the Unsurveyed Township 6 North Range 23 East of the Umiat Meridian, Alaska, current to April 25, 2017, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants aver the Master Title Plat on file with the BLM was updated on March 4, 2021.

68. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68 and on that basis deny them.

69. Defendants admit the allegations of the first sentence of paragraph 69 that

Jerry Broadus conducted an analysis of the boundary of the Refuge. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of the first sentence and on that basis deny them. Defendants admit the allegations of the second sentence of paragraph 69 that Mr. Broadus spent time in the field studying the area in the vicinity of the northwest boundary of the Refuge. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of the second sentence of paragraph 69 and on that basis deny them. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the third sentence of paragraph 69 and on that basis deny them. Defendants admit the allegations of the fourth sentence of paragraph 69.

70. The allegations of paragraph 70 purport to characterize the report titled "Analysis of the 'Mean High Water Mark of the Extreme West Bank of the Canning River'" by Mr. Broadus ("Broadus Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

71. The allegations of paragraph 71 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

72. The allegations of paragraph 72 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any

*Alaska v. Dep't of the Interior,*
Defs.' Answer To Complaint

Case No. 3:22-cv-00078-SLG
15

allegations contrary to its plain language, meaning, and context are denied.

73.    The allegations of paragraph 73 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

74.    The allegations of paragraph 74 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

75.    Defendants admit the allegations of the first sentence of paragraph 75 that between 1978 and 1980 the State filed reassertions of its Statehood Act selections for Townships 7-23, 7-24, 8-24, and 9-24.  The remaining allegations of the first sentence of paragraph 75 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations of the second sentence of paragraph 75 purport to characterize Plaintiff's reassertions of its Statehood Act selections for Townships 7-23, 7-23, 8-24, and 9-24, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the third sentence of paragraph 75 and on that basis deny them.

76.    Defendants admit the allegations of the first sentence of paragraph 76 that Plaintiff submitted requests for "topfilings" pursuant to Section 906 of ANILCA for lands

within Townships 7-23, 7-24, 8-24, 8-25, 9-24, and 9-25 between 1981 and 1993, and deny any remaining allegations of the first sentence. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 76 and on that basis deny them.

77.     The allegations of paragraph 77 purport to characterize the State of Alaska's letter to the BLM dated October 17, 2014, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

78.     Defendants admit the allegations of the first sentence of paragraph 78. The allegations of the second, third, and fourth sentences of paragraph 78 appear to purport to characterize the BLM letter to the State of Alaska dated February 2, 2016, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

79.     Defendants admit the allegations of paragraph 79 that on February 25, 2016, the State of Alaska filed a notice of appeal with the BLM. The remaining allegations in paragraph 79 purport to characterize the notice of appeal, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

80.     Defendants admit the allegations of paragraph 80 that the IBLA docketed the State's appeal as IBLA No. 2016-109, and deny any remaining allegations of paragraph 80.

81.     The allegations of paragraph 81 purport to characterize Plaintiff's Statement of Reasons filed in IBLA No. 2016-109, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

82.     Defendants admit the allegations of paragraph 82.

83.     Defendants admit the allegations of the first sentence of paragraph 83. The allegations of the second sentence of paragraph 83 appear to purport to characterize Plaintiff's May 25, 2016 Statement of Reasons protesting the plat of survey for Township 6 North, Range 23 East, Umiat Meridian, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

84.     Defendants admit the allegations of paragraph 84 that BLM denied the State of Alaska's protest on November 8, 2016. The remaining allegations of paragraph 84 purport to characterize the November 8, 2016 BLM decision denying the State's protest of the plat of survey for Township 6 North, Range 23 East, Umiat Meridian ("2016 Decision"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

85.     The allegations of paragraph 85 purport to characterize the 2016 Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

86.     The allegations of paragraph 86 purport to characterize the 2016 Decision,

*Alaska v. Dep't of the Interior,*
Defs.' Answer To Complaint

Case No. 3:22-cv-00078-SLG
18

which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

87.     The allegations of paragraph 87 purport to characterize the 2016 Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

88.     Defendants aver that the Notice of Appeal was received by the BLM on December 5, 2016, and otherwise admit the allegations of paragraph 88.

89.     Defendants admit the allegations of paragraph 89.

90.     The allegations of paragraph 90 purport to characterize Plaintiff's Statement of Reasons in IBLA No. 2017-55, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

91.     Defendants admit the allegations of the first sentence of paragraph 91. The allegations of the second and third sentences of paragraph 91 purport to characterize the November 9, 2020 IBLA decision addressing IBLA No. 2016-109 and IBLA No. 2017-55 ("IBLA Decision"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

92.     The allegations of paragraph 92 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

93.     The allegations of paragraph 93 purport to characterize the IBLA Decision,

which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

94.     The allegations of paragraph 94 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

95.     The allegations of paragraph 95 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

96.     The allegations of paragraph 96 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

97.     The allegations of paragraph 97 present legal conclusions, which require no response.  To the extent a response is required, the allegations of paragraph 97 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

## COUNT ONE

98.     The responses to paragraphs 1 through 97 are incorporated herein by reference.

99.      The allegations of paragraph 99 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its

contents. Any allegations contrary to its plain language, meaning, and context are denied.

100.    The allegations of paragraph 100 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

101.    The allegations of paragraph 101 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

102.    The allegations of paragraph 102 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

103.    The allegations of paragraph 103 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

104.    The allegations of paragraph 104 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

105.    The allegations of paragraph 105 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

106.    The allegations of paragraph 106 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## **PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

## **GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied,

including any allegations reflected in the Complaint's section headings that are not specifically admitted, denied, or qualified herein.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      Plaintiff lacks standing to bring some or all of its claims.

3.      Plaintiff has failed to properly establish subject matter jurisdiction.

4.      Plaintiff's claims are barred under the doctrine of administrative finality.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.


DATED:  June 10, 2022.                          TODD KIM
                                                Assistant Attorney General
                                                Environment and Natural Resources Division
                                                United States Department of Justice

                                                */s/ Michael K. Robertson*
                                                MICHAEL K. ROBERTSON (VA Bar No. 80866)
                                                Trial Attorney
                                                Natural Resources Section
                                                P.O. Box 7611
                                                Washington, D.C. 20044
                                                Phone 202-353-1389 || Fax 202-305-0506
                                                michael.robertson@usdoj.gov

                                                *Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior

4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 10th, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

_/s/ Michael Robertson_
MICHAEL K. ROBERTSON