**EXHIBIT 1**

TREG R. TAYLOR
ATTORNEY GENERAL

Ronald W. Opsahl (Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Fax: (907) 276-3697
Email: ron.opsahl@alaska.gov

Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Mark E. Champoux (*pro hac vice*)
Nicholas R. Peppler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
Email: katie.schroder@dgslaw.com
gail.wurtzler@dgslaw.com
mark.champoux@dgslaw.com
nick.peppler@dgslaw.com

Attorneys for the State of Alaska

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, DEB HAALAND, in her official capacity as Secretary of the Department of the Interior, INTERIOR BOARD OF LAND APPEALS, STEVEN J. LECHNER, in his official capacity as Acting Chief Administrative Judge of the Interior Board of Land Appeals, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management, BUREAU OF LAND MANAGEMENT ALASKA STATE OFFICE, and THOMAS HEINLEIN, in his official capacity as Acting State Director of the Bureau of Land Management Alaska State Office,<br>Defendants. | Case No. 3:22-cv-00078-SLG<br><br>**DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD** |

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 1

Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 2 of 7

191088_0002-1562257811-128/3.0

I, Gwen M. Gervelis, PLS, state and declare as follows:

1. I am not a party to the above-captioned case. I am over the age of 18 years. I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify competently to them.

2. I am employed by the State of Alaska as the Chief Surveyor and State Geodetic Coordinator for the Alaska Department of Natural Resources, Division of Mining, Land and Water, 550 West 7th Ave, Suite 650, Anchorage, AK 99501-3576.

3. I am a land surveyor licensed to practice in Alaska and Washington with the designation of Professional Land Surveyor or PLS. A licensed land surveyor is an accredited professional who conducts land surveys to measure and define real property and its boundaries.

4. In the course of my work as a land surveyor, I routinely work with United States Geological Survey ("USGS") quadrangle maps to, among other things, retrace written legal descriptions of real property. In working with the USGS maps, I review and rely upon the information in a map's legend to understand the preparation and publication of that specific map.

5. The USGS publishes a type of topographical map called "quadrangle" maps. Most USGS quadrangle maps divide the United States into areas bounded by two lines of latitude and two lines of longitude. The USGS publishes quadrangle maps at different scales. A 1:250,000 scale means that one inch on the map corresponds to approximately four miles in the physical world.

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD    Page 2

Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 3 of 7

6. There are seven USGS 1:250,000 quadrangles that encapsulate the legal description of the public lands withdrawal made by Public Land Order No. 2214. They are: Flaxman Island; Barter Island; Mt. Michaelson; Demarcation Point; Arctic; Table Mountain; and Coleen.

7. The geographic features depicted in USGS quadrangle maps such as mountains, rivers, and lakes are natural monuments that are typically referenced in a written legal description of real property boundaries. To retrace real property boundaries, professional land surveyors rely on the evidence recited in the written legal description's calls. In a legal description, natural monuments, distances, directions, elevations, and latitude-longitudes are all used as evidence to support the location of the boundary. However, the natural monuments that are called to in the written legal description control and are held superior to distances, directions, elevations, and latitude-longitude. *See* Wattles, G.H., Writing Legal Descriptions, 1976, 1979, p. 4.2.

8. The calls in the written legal description in Public Land Order No. 2214 are to natural monuments depicted on the maps for the seven quadrangles listed above. Those calls delineate the boundaries of the lands to be withdrawn.

9. The details of the geographic features shown in a quadrangle map are periodically updated by the USGS based on aerial photographs, on-the-ground surveys, or both. Most geographic features themselves do not change in an update; the updated maps are refined to better represent the geographic features. For example, an updated map may show the elevation or latitude-longitude of a mountain top to be slightly

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD                    Page 3

Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 4 of 7

different from a previous map, but that mountain top, in reality, has not moved. That mountain top, as called to in a written legal description, can be used by a professional land surveyor as superior evidence of the location of a boundary. In some cases, a map update may document a change in a geographic feature. For example, an updated map may show a change in the area of an intermittent or ephemeral lake, and such information would indicate to a professional land surveyor that the person who drafted a written legal description making a call to that lake was referring to a different version of that map. The professional land surveyor also may be able to use such information to determine the specific version of the map used by the drafter.

10. The USGS standard naming convention for quadrangle maps first lists the quadrangle name, the map version year, and the "edition" year in parentheses. The version year of a specific quadrangle map appears in the lower right hand corner of each map with its quadrangle name as part of the map legend. The version year is not necessarily the year when the map was prepared or last updated. Compiling a map or an update is often a multi-year process that may not be complete until a year or more after the date work began. The text in the bottom left hand corner and/or in the bottom center of each map provides the information to determine when work on the original map or any update occurred.

11. The version year is also not necessarily the date when that specific map was published by the USGS. The year when a specific quadrangle map was published appears in very small print at the lower right of the map directly below the image and

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD                        Page 4

Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 5 of 7

Page 4

above the version year. The publication year, referred to as the "edition" in parentheses, can also be found in the USGS quadrangle map index available at https://ngmdb.usgs.gov/topoview/viewer/#4/62.12/-148.05. Often, the publication year of a specific map is several years later than its version year.

12. In 1957, when United States Fish and Wildlife Service prepared the written legal description that ultimately appears unchanged in Public Land Order No. 2214, the available USGS 1:250,000 quadrangle maps were: Flaxman Island 1951; Barter Island 1951; Mt. Michaelson 1951; Demarcation Point 1951; Arctic 1951; Table Mountain 1951; and Coleen 1951. There are a total of 20 editions of the "1951" maps covering the relevant seven quadrangles. Exhibit 2 to Plaintiffs' Motion to Supplement Administrative Record includes true and correct electronic copies of these maps (in PDF format).[1] The name of the quadrangle appears in the lower right-hand corner of each map as part of the map legend. The names of these 1:250,000 quadrangles have been consistent since the USGS designated each quadrangle.

13. There are later, updated versions of each of these maps including 1955 versions. However, these 1955 versions had not been published by 1957. The map legends on these later, updated versions indicate either that the update was in the process of being compiled in 1957 or that work on an update began after 1957.

14. An original version of the USGS 1951 Flaxman Island map is unavailable on the USGS Topoview website and is unable to be located in a printed version. However, in 1952, the Army Map Service, Corps of Engineers, U.S. Army, Washington,

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 5

Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 6 of 7

D.C. copied the USGS 1951 Flaxman Island map in cooperation with the Department of the Navy. This 1952 copy of the 1951 USGS Flaxman Island map is the best available evidence of what was shown on the 1951 USGS map until the original version of the 1951 USGS Flaxman Island map can be located.

I, Gwen M. Gervelis, PLS, declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 16, 2022.

Gwen M. Gervelis, PLS

---

[1] The original images of these maps can be found at the following websites: USGS Topoviewer, https://ngmdb.usgs.gov/topoview/viewer/#6/69.392/-145.943, last accessed 11/15/2022; and, for 1951 Flaxman Island, http://maps.lib.utexas.edu/maps/topo/250k/txu-pclmaps-topo-us-flaxman_island-1952.jpg, last accessed 11/15/2022.

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
DECLARATION OF GWEN M. GERVELIS IN SUPPORT OF PLAINTIFF'S
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Case 3:22-cv-00078-SLG   Document 23-1   Filed 11/17/22   Page 7 of 7
Page 6
Page 6