| | |
|---|---|
| TREG R. TAYLOR<br>ATTORNEY GENERAL | Kathleen C. Schroder (*pro hac vice*)<br>Gail L. Wurtzler (*pro hac vice*)<br>Mark E. Champoux (*pro hac vice*) |
| Ronald W. Opsahl (Bar No. 2108081)<br>Assistant Attorney General<br>Department of Law<br>1031 W. 4th Avenue, Suite 200<br>Anchorage, AK 99501<br>Telephone: (907) 269-5232<br>Fax: (907) 276-3697<br>Email: ron.opsahl@alaska.gov | Nicholas R. Peppler (*pro hac vice*)<br>Davis Graham & Stubbs LLP<br>1550 Seventeenth St., Suite 500<br>Denver, CO 80202<br>Telephone: (303) 892-9400<br>Fax: (303) 893-1379<br>Email: katie.schroder@dgslaw.com<br>gail.wurtzler@dgslaw.com<br>mark.champoux@dgslaw.com<br>nick.peppler@dgslaw.com |

Attorneys for the State of Alaska

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00078-SLG<br><br>**REPLY IN SUPPORT OF<br>MOTION TO SUPPLEMENT<br>ADMINISTRATIVE RECORD** |

The State of Alaska ("State") hereby submits this Reply in support of its Motion to Supplement the Administrative Record (Dkt. # 23) ("Motion") with the 1951 Quadrangle Maps. Defendants do not present valid reasons to deny the Motion. Defendants first incorrectly argue that the doctrine of administrative waiver bars supplementation. Additionally, Defendants fail to demonstrate that the exceptions in *Lands Council v. Powell*, 395 F.3d 1019, 1024 (9th Cir. 2005), do not apply to the 1951 Quadrangle Maps.

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

Accordingly, the Court should grant the State's request to supplement the administrative record with the 1951 Quadrangle Maps.[1]

## I. Administrative Waiver Does Not Preclude Addition of the 1951 Quadrangle Maps to the Administrative Record.

The doctrine of administrative waiver does not preclude the Court from adding the 1951 Quadrangle Maps to the administrative record. Defendants assert that the doctrine of administrative waiver, also known as issue exhaustion, requires a finding that the State "forfeited the ability to add the 1951 Maps to the administrative record." Defs.' Resp. in Opp. to Pls.' Mot. to Admit Extra-Record Evidence (Dkt. #27) (hereinafter "Response" or "Resp.") at 4–5 (quoting *SSA Terminals v. Carrion*, 821 F.3d 1168, 1174 (9th Cir. 2016)). Defendants, however, improperly conflate the doctrine of administrative waiver with the administrative record rule.

Courts have distinguished principles of administrative waiver and issue exhaustion from the administrative record rule. *See Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 305 F.R.D. 256, 295–96 (D.N.M. 2015); *Reaves v. United States*, No. 3:18-CV-1230-B, 2020 U.S. Dist. LEXIS 123331, at *12–13 (N.D. Tex. 2020).

---

[1] Defendants assert this Motion is "more appropriately styled as a motion for leave to admit extra-record evidence." *See* Resp. at 1 n.1. The State styled this Motion to align with this Court's Local Civil Rules and the briefing schedule agreed upon by the parties. *See* L.Civ.R. 16.3(b)(3); Stipulated Mot. for Briefing Schedule (Dkt. #21). *See also City of Los Angeles v. Dickinson*, No. 19-71581, 2021 U.S. App. LEXIS 20248, at *3 n.2 (9th Cir. July 8, 2021) (distinguishing between requests to supplement and complete an administrative record). Because neither the Ninth Circuit Court of Appeals nor this District has distinguished between such motions, the State requests that, in the alternative, the Court treat this Motion as a motion either to complete the administrative record or to admit extra-record evidence.

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 2 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 2 of 14

"Issue exhaustion is separate from the administrative-record rule" because "[c]laims and arguments can be abandoned at the administrative-appeal level; evidence cannot be." *Jarita Mesa*, 305 F.R.D. at 295.

The policy considerations behind principles of administrative waiver do not apply when determining the contents of an administrative record. As one court explained:

> [T]here is no reason for an exhaustion requirement to apply to a procedural record-supplementation rule. First, if exhaustion applies to [the bad-faith exception for supplementation of the administrative record], then one might also expect it to apply to the other [*Lands Council*] exceptions . . . . Applying an exhaustion requirement to any of these other exceptions would be nonsensical. Second, the relief that the appellant stands to gain from sandbagging the agency is much less significant—supplementation of the record versus winning a substantive claim—and can be tailored to fit the circumstances.

*Id.* at 296.

The cases cited in Defendants' Response support the distinction between the doctrine of administrative waiver and the administrative record rule. *See* Resp. at 6. In these cases, the courts applied the doctrine of administrative waiver when presented with *issues* not before the agency at the time it made its decision, and applied the administrative record rule when presented with *documents* not before the agency at the time it made its decision.

For example, in *Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991), the Ninth Circuit Court of Appeals applied the doctrine of administrative waiver to refuse to hear a claim that the plaintiff did not raise during a public comment process. *Id.* ("belatedly raised *issues* may not form a basis for reversal of an agency decision"

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 3 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 3 of 14

(emphasis added)). Although the plaintiff based its claim on a document drafted after conclusion of the agency decision-making process, the court did not consider whether to add these documents to the administrative record. *See id.*

In *Little Traverse Lake Property Owners Association v. National Park Service*, 883 F.3d 644, 658 (6th Cir. 2018), the Sixth Circuit Court of Appeals applied that circuit's exceptions to the administrative record rule to find that extra-record documents should not be added to the administrative record. Although the Sixth Circuit observed that the plaintiffs had not previously presented the documents to the agency, the court ultimately found the bad faith and relevant factors exceptions inapplicable and that the record was not "so inadequate" as to prevent effective review. *See id.* at 658–69. Similarly, in *Linemaster Switch Corp. v. U.S. Environmental Protection Agency*, 938 F.2d 1299, 1305–06 (D.C. Cir. 1991), the D.C. Circuit Court of Appeals applied the administrative record rule to decline to add documents to the administrative record. *See id.* (finding the contested documents were not before the agency when it made its decision). None of these courts supplanted the administrative record rule with the doctrine of administrative waiver, as Defendants now urge this Court to do.

The remaining cases that Defendants cite are equally inapplicable. The courts in these cases applied the doctrine of administrative waiver to determine whether parties adequately raised *issues* in prior administrative proceedings, rather than whether to supplement an administrative record. *See Sims v. Apfel*, 530 U.S. 103 (2000); *Or. Nat. Desert Ass'n v. McDaniel*, 751 F. Supp. 2d 1151 (D. Or. 2011). Thus, these cases

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 4 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 4 of 14

actually reinforce Defendants' error in attempting to apply administrative waiver to a request to supplement the administrative record.

For these reasons, the doctrine of administrative waiver does not preclude addition of the 1951 Quadrangle Maps to the administrative record. Instead, the Court must consider whether one of the four *Lands Council* exceptions apply to 1951 Quadrangle Maps.

## II. The 1951 Quadrangle Maps Fall Within the *Lands Council* Exceptions.

Contrary to Defendants' assertions, the 1951 Quadrangle Maps meet two *Lands Council* exceptions—they are both necessary to determine whether the Interior Board of Land Appeals ("IBLA") considered all relevant factors and necessary to explain technical terms or complex subject matter.

### A. The 1951 Quadrangle Maps Are Necessary to Determine Whether the IBLA Considered All Relevant Factors.

Defendants fail in their attempt to establish that the "relevant factors" exception in *Lands Council* does not allow for consideration of the 1951 Quadrangle Maps. Defendants invent a limitation to the "relevant factors" exception where none exists. Additionally, Defendants incorrectly suggest that the existing maps in the administrative record allow for adequate judicial review.

#### 1. *Defendants Invent a Limitation to the "Relevant Factors" Exception.*

To argue that the "relevant factors" exception does not allow the Court to add the 1951 Quadrangle Maps to the administrative record, Defendants posit that the first *Lands Council* exception "only applies where the agency fails to consider a general subject

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 5 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 5 of 14

matter." Resp. at 9 (quoting *Ctr. for Biological Diversity v. Skalski*, 61 F. Supp. 3d 45, 951–52 (E.D. Cal. 2014)) (internal alternations and quotations omitted). Neither the Ninth Circuit Court of Appeals nor a court in this Judicial District, however, has adopted this language.

Moreover, Defendants isolate the "general subject matter" language in the *Center for Biological Diversity* decision to generate a limitation to the "relevant factors" exception where no such limitation exists. Read in full, the language on which the Defendants rely states that "[a] court should supplement the record when the agency 'fails[s] to consider a general subject matter . . . , **not when specific hypotheses and/or conclusions are omitted from consideration**.'" *Ctr. for Biological Diversity*, 61 F. Supp. 3d at 951–52 (quoting *In re Delta Smelt Consol. Cases*, 1:09-CV-1053 OWW DLB, 2010 WL 2520946, at *6 (E.D. Cal. June 21, 2010)) (emphasis added). This language simply reinforces that courts should not supplement an administrative record with post-decisional declarations or testimony developed to undermine the agency decision at issue.

The cases the Defendants cite confirm this reading of *Center for Biological Diversity*. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018) (rejecting a declaration containing "new analysis" of an issue considered by the agency); *Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980) (rejecting supplementation with testimony heard during a four-day "trial" to determine "the correctness or wisdom" of an agency's decision);

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 6 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 6 of 14

*Sequoia ForestKeeper v. La Price*, 270 F. Supp. 3d 1182, 1228 (E.D. Cal. 2017) (rejecting declarations that "attack the Forest Service's scientific judgments"); *Friends of Animals v. Jewell*, 185 F. Supp. 3d 60, 65 (D.D.C. 2016) (rejecting supplementation with expert declaration). At most, these cases establish that the "relevant factors" exception does not allow consideration of post-decisional testimony. They do not limit application of the "relevant factors" exception to situations in which an agency failed to consider a general subject matter.

For similar reasons, Defendants' assertion that the State proffers the 1951 Quadrangle Maps "as an alternative, speculative set of facts" also fails. *See* Resp. at 12. The cases that Defendants cite in support of this assertion address courts' consideration of post-decisional declarations. *See Greater Hells Canyon Council v. Stein*, No. 2:17-cv-00843-SU, 2018 WL 3966289 (D. Ore. June 11, 2018); *Nw. Envtl. Advocs. v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006); *Friends of Rapid River v. Probert*, 427 F. Supp. 3d 1239, 1264 (D. Idaho 2019); *see also* Resp. at 14 (citing *Native Ecosystems Council v. Weldon*, 232 F. Supp. 3d 1142, 1148 (D. Mont. 2017)).

The 1951 Quadrangle Maps are not remotely akin to post-decisional declarations. Whereas post-decisional declarations are created by litigants after an agency decision for the purpose of litigation, the 1951 Quadrangle Maps were created by the U.S. Geological Survey and likely used by the United States Fish and Wildlife Service ("USFWS") to draft the metes and bounds description in PLO 2214. The State seeks to include the 1951

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 7 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 7 of 14

Quadrangle Maps in the administrative record to establish the facts actually used by the Department when drafting PLO 2214, not an alternative set of facts constructed by BLM during the IBLA proceedings.

2. *The Existing Maps in the Record Are Inadequate.*

Defendants incorrectly encourage this Court to proceed with its review of the IBLA Decision using only the maps now found in the administrative record. *See* Resp. at 10 (observing that the IBLA considered the maps' "general subject matter"). First, Defendants suggest that the 1955 Maps and an undated USFWS metes and bounds map adequately allow this Court to review the IBLA Decision. *See id.* Defendants' suggestion is wholly untethered from the facts of this case. The 1955 Maps were incomplete when the USFWS drafted the metes and bounds description that was adopted in PLO 2214. *See* Mot. at 10–11. To the extent Defendants argue that the USFWS metes and bounds map "contains details that accord with the written metes and bounds description that eventually ended up in PLO 2214," Resp. at 10, they ignore that the USFWS metes and bounds map does not contain many of the features reflected in the calls in the boundary description in PLO 2214, such as the call to Old Woman Creek, Monument Creek, Bilwaddy Creek, or a "one and one-half (1 ½) mile lake." *Compare* AR000936 *with* AR000154. Defendants cannot credibly argue that the existing maps in the record allow for adequate judicial review.

Second, Defendants argue that the Court should not include the 1951 Quadrangle Maps in the administrative record because the State cannot demonstrate with certainty

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 8 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 8 of 14

that the USFWS relied on them to develop the metes and bounds description in PLO 2214. *See* Resp. at 11. But *Lands Council* does not require the State to demonstrate that the USFWS actually relied on the 1951 Quadrangle Maps—the State need only demonstrate they are necessary to fill a gap in the administrative record. *See generally CP Salmon Corp. v. Ross*, No. 3:16-cv-00031-TMB, 2017 U.S. Dist. LEXIS 237406, at *11 (D. Alaska Mar. 27, 2017) (assessing whether extra-record materials "fill gaps" in the administrative record). The State has satisfied the *Lands Council* exception.

Third, Defendants emphasize the State's cursory statements in the IBLA proceedings as a reason to deny the Motion. *See* Resp. at 12. By generally characterizing the 1955 Maps as "maps of the era," *see* AR000600, the State did not invite the IBLA to draw, or anticipate the IBLA would draw, conclusions from the 1955 Maps beyond those for which the State proffered them. Most significant, the IBLA relied on a 1955 Map to conclude that the call to Brownlow Point in PLO 2214 was to a spit of land near Brownlow Point. *See Alaska*, 196 IBLA 155, 198–99 (2020) (AR000049–50 (citing State Exhibit C, AR000619)). Yet the State did not argue that the 1955 Maps should inform the IBLA's interpretation of the call to Brownlow Point. *See, e.g.*, AR000603.

Finally, Defendants attempt to dismiss the IBLA's embrace of extra-record materials by observing that the IBLA has de novo review. *See* Resp. at 13. The fact that the IBLA has de novo review and could have considered the actual maps that existed when the USFWS drafted the legal description that was incorporated into PLO 2214

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 9 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 9 of 14

reinforces the fact that a gap exists in the current administrative record. Accordingly, the State has demonstrated that the 1951 Quadrangle Maps fall within the first *Lands Council* exception.

### B. The 1951 Quadrangle Maps Are Necessary to Explain Technical Terms or Complex Subject Matter.

Defendants also contort logic to argue that the 1951 Quadrangle Maps are not necessary to explain technical terms or complex subject matter. Although Defendants recognize that extra-record evidence "must assist the [C]ourt's understanding of a highly specialized or scientific matter," Resp. at 13, they argue that "the 1951 Maps do not serve to explain any scientific, technical, or otherwise complex matter found in the record." *Id.* at 14. This argument simply ignores the facts of this case. The case requires the Court to interpret a 65-year old metes and bounds description of the then-unsurveyed boundary of a 20-million acre area. The only map purportedly generated when the legal description was drafted is a crude, hand-drawn map with a few of the features identified in the metes and bounds description. *See Alaska*, 196 IBLA at 158 (AR000009); AR000154. Accordingly, this Court's task is both "technical" and "complex."

Defendants also assert that "the 1951 Maps are proffered for the purpose of criticizing the information that was relied on by the agency in reaching its decision." Resp. at 14; *but see id.* (citing *Nat'l Steel Corp., Great Lakes Div. v. U.S Coast Guard*, 995 F. Supp. 773, 777–78 (E.D. Mich. 1997) (accepting and considering an affidavit "containing a technical explanation of material already in the record [that] was submitted to argue that the [agency] should have considered information"). A map is not argument

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 10 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 10 of 14

and cannot criticize; it contains objective data and cannot challenge or dispute agency conclusions.

Finally, Defendants discount the State's reliance on *Alegre v. United States*, No. 16-cv-2442-AJB-KCS, 2021 WL 4934982 (S.D. Cal. July 29, 2021). Defendants argue this case is "easily distinguishable" because the *Alegre* court "admitted the documents not because of their explanatory nature, but because the Government *did not object* to their admission." Resp. at 15 (emphasis in original). Defendants' assertion mischaracterizes *Alegre*, which recognizes that the documents' explanatory nature is the reason the government did not object to their admission. *See Alegre*, 2021 WL 4934982 at *6 ("Defendants do not object to the Court adding . . . extra-record documents to the administrative record *to help explain* the history of this case . . . ." (emphasis added)).

Moreover, the Government's distinction is illogical because it suggests that the third *Lands Council* exception only applies when the United States does not object to addition of the extra-record material. Obviously, courts may include and review extra-record materials over the United States' objections. *See, e.g.*, *Stop B2H Coal. v. Bureau of Land Mgmt.*, 552 F. Supp. 3d 1101, 1120–21 (D. Or. 2021) (denying the United States' motion to strike maps of sage-grouse leks). Accordingly, the Court may add the 1951 Quadrangle Maps to the administrative record under the third *Lands Council* exception.

## CONCLUSION

Defendants' objections to the Motion lack merit. The State requests that the Court grant the Motion and supplement the administrative record with the 1951 Quadrangle Maps.

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 11 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 11 of 14

DATED: January 5, 2023.

                        TREG R. TAYLOR
                        ATTORNEY GENERAL

By:   /s/    Ronald W. Opsahl
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 279-2834
Email: ron.opsahl@alaska.gov

By:   /s/    Kathleen C. Schroder
Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Mark E. Champoux (*pro hac vice*)
Nicholas R. Peppler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
Email: katie.schroder@dgslaw.com
       gail.wurtzler@dgslaw.com
       mark.champoux@dgslaw.com
       nick.peppler@dgslaw.com

Attorneys for the State of Alaska

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Page 12 of 12
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 12 of 14

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Local Civil Rule 7.4(a)(1) because, excluding the parts of the document exempted by Local Civil Rule 7.4(a)(4), this document contains 2,746 words.

*/s/ Kathleen C. Schroder*

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 13 of 14

# CERTIFICATE OF SERVICE

I certify that on **January 5, 2023**, the foregoing document was served electronically on all parties listed on the CM/ECF system.

/s/ Kathleen C. Schroder

*Alaska v. U.S. Dep't of the Interior, et al.*, Case No. 3:22-cv-00078-SLG
REPLY IN SUPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD
Case 3:22-cv-00078-SLG   Document 28   Filed 01/05/23   Page 14 of 14