TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

MICHAEL K. ROBERTSON (DC Bar 1017183)
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone (202) 305-9609
Fax: (202) 305-0506
michael.robertson@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>      Defendants. | Case No. 3:22-cv-00078-SLG |

## DEFENDANTS' ANSWER TO STATE OF ALASKA'S FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants United

States Department of the Interior (DOI); Deb Haaland, in her official capacity as

Secretary of the Interior; Interior Board of Land Appeals; Silvia Idziorek, in her official

capacity as Chief Administrative Judge of the Interior Board of Land Appeals; Bureau of

Land Management (BLM); Tracy Stone-Manning, in her official capacity as Director of the BLM; BLM Alaska State Office; and Steven Cohn, in his official capacity as State Director of the BLM Alaska State Office; plead as follows in response to State of Alaska's (or "Plaintiff") First Amended Complaint (ECF 34). The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiff's First Amended Complaint. Defendants do not respond specifically to the section headings included in the First Amended Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny the allegations. Any allegation not specifically admitted is deemed denied.

## <u>INTRODUCTION</u>

1.      The allegations of paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, these allegations are denied.

2.      The allegations of the first sentence of paragraph 2 appear to purport to characterize Public Land Order No. 2214 ("PLO 2214"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 2 purport to characterize the Alaska National Interest Lands Conservation Act of 1980, 16 U.S.C. Sections 3101–3233 ("ANILCA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the third sentence of paragraph 2 purport to characterize the Interior Board of Land Appeals (IBLA) decision, which speaks for itself

and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the fourth sentence of paragraph 2 constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

3.      The allegations of the first sentence of paragraph 3 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendants admit the allegations of the second sentence of paragraph 3 that under the Alaska Statehood Act and Section 906 of ANILCA Plaintiff filed applications for general grant lands in townships located along the disputed boundary of the present-day Arctic National Wildlife Refuge and deny any remaining allegations of the second sentence.

4.      The allegations of the first sentence of paragraph 4 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit that BLM conducted surveys concerning the Arctic National Wildlife Range ("Range") now known as the Arctic National Wildlife Refuge ("Refuge").  The remaining allegations in paragraph 4 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of paragraph 6.

7.     The allegations of the first sentence of paragraph 7 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. The allegations of the second sentence of paragraph 7 constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

## PARTIES

8.     Defendants admit the allegations of the first sentence of paragraph 8 that the State of Alaska is one of the fifty states that comprise the United States of America. The remaining allegations of the first sentence of paragraph 8 purport to characterize the Alaska Statehood Act, 72 Stat. 339, Public Law 85-508, 85th Congress, H. R. 7999 (July 7, 1958) ("Statehood Act"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second and third sentences of paragraph 8 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the fourth sentence of paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

9.     Defendants admit the allegations of paragraph 9.

10.     Defendants admit the allegations of paragraph 10.

11.     Defendants admit that the Interior Board of Land Appeals ("IBLA") is an appellate review board within the Department of the Interior, but otherwise deny the

allegations of paragraph 11.

12.    Defendants admit the allegations of paragraph 12.

13.    Defendants admit that BLM is a bureau within the Department of the
Interior, but otherwise deny the allegations of paragraph 13.

14.    Defendants admit the allegations of paragraph 14.

15.    Defendants admit the allegations of paragraph 15.

## JURISDICTION AND VENUE

16.    The allegations of paragraph 16 consist of legal conclusions, to which no
response is required. To the extent a response is required, these allegations are denied.

17.    The allegations of paragraph 17 consist of legal conclusions, to which no
response is required. To the extent a response is required, these allegations are denied.

## FACTS

18.    Defendants admit the allegations of paragraph 18.

19.    The allegations of paragraph 19 purport to characterize the November 18,
1957 application for withdrawal of the proposed Arctic Wildlife Range that was
submitted by the Director of the United States Fish and Wildlife Service ("USFWS"),
Bureau of Sport Fisheries, to the Secretary of the Interior, through the BLM
("Withdrawal Application"), which speaks for itself and provides the best evidence of its
contents. Any allegations contrary to its plain language, meaning, and context are denied.

20.    Defendants admit the allegations of paragraph 20 that the Canning River
has flowed through Alaska's North Slope since before 1957. The remaining allegations in
paragraph 20 are vague and ambiguous, and therefore Defendants lack knowledge and

information sufficient to form a belief as to their truth or falsity and deny them on that basis.

21. The allegations of paragraph 21 purport to characterize a BLM field report issued on the Withdrawal Application on April 11, 1958 ("1958 BLM Field Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

22. The allegations of paragraph 22 appear to purport to characterize the 1958 BLM Field Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

23. Defendants admit the allegations of the first sentence of paragraph 23. The allegations of the second and third sentences of paragraph 23 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

24. The allegations of paragraph 24 purport to characterize the Withdrawal Application, the 1958 BLM Field Report, and PLO 2214, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

25. Defendants deny the allegations of the first and second sentences of paragraph 25. The allegations of the third sentence of paragraph 25 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

26. Defendants admit the allegations of paragraph 26 that the northwestern

*Alaska v. Dep't of the Interior,*
DEFS.' ANSWER TO FIRST AM. COMPL.

Case NO. 3:22-cv-0078-SLG
6

Case 3:22-cv-00078-SLG   Document 35   Filed 08/01/24   Page 6 of 23

boundary of the former Range established by PLO 2214 has not since changed, and otherwise deny any remaining allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

28.     Defendants admit the allegations of paragraph 28 that the townships selected in Plaintiff's 1964 applications for general land grants under Section 6(b) of the Statehood Act ("1964 Land Grant Selection Applications)" were located along the Range's northwest boundary. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 28 and on that basis deny them.

29.     Defendants deny the allegations of paragraph 29.

30.     The allegations of paragraph 30 purport to characterize BLM conveyance decisions dated October 9, 1964, and January 15, 1965, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

31.     The allegations of paragraph 31 purport to characterize BLM conveyance decisions dated February 4, 1965, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

32.     Defendants admit the allegations of paragraph 32 that in 1968 Plaintiff filed an application for general grant lands for Township 6 North, Range 23 East, Umiat Meridian. The remaining allegations in paragraph 32 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to

their truth or falsity and deny them on that basis.

33.     The allegations of paragraph 33 purport to characterize Plaintiff's 1972 amendments of its 1968 applications for general land grants under Section 6(b) of the Statehood Act ("1968 Amended Land Grant Selection Applications"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

34.     The allegations of the first and second sentences of paragraph 34 purport to characterize BLM's 1974 conveyance decision tentatively approving in part the 1968 Amended Land Grant Selection Applications ("1974 Partial Tentative Approval"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. Defendants admit the allegations of the third sentence of paragraph 34 that BLM has not withdrawn or amended the 1974 Partial Tentative Approval.  Except as expressly admitted, the remaining allegations in the third sentence of paragraph 34 are denied.

35.     Defendants admit the allegations of paragraph 35.

36.     The allegations of paragraph 36 purport to characterize the BLM special instructions dated March 3, 1965 ("1965 Special Instructions"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

37.     The allegations of paragraph 37 purport to characterize the 1965 Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

38.    The allegations of paragraph 38 purport to characterize the 1965 Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

39.    The allegations of paragraph 39 purport to characterize the 1947 BLM Manual of Instructions for the Survey of the Public Lands of the United States ("1947 Survey Manual"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

40.    The allegations of paragraph 40 purport to characterize the 1947 Survey Manual, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

41.    Defendants admit the allegations of paragraph 41.

42.    Defendants deny the allegations of the first sentence of paragraph 42. The allegations of the second and third sentences of paragraph 42 purport to characterize the survey plats and field notes documenting BLM's 1965 surveys ("1965 Survey Plats" and "1965 Field Notes," respectively), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

43.    The allegations of paragraph 43 purport to characterize the 1965 Survey Plats, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

44.    The allegations of the first sentence of paragraph 44 purport to characterize PLO 2214, which speaks for itself and provides the best evidence of its contents. Any

allegations contrary to its plain language, meaning, and context are denied. The allegations of the second sentence of paragraph 44 purport to characterize 1965 Survey Plats, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny the allegations of the third sentence of paragraph 44.

45.     Defendants admit the allegations of the first sentence of paragraph 45 that BLM utilized U.S. Geological Survey (USGS) topographical maps in preparing the 1965 Survey Plats, and deny any remaining allegations of the first sentence. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 45 and on that basis deny them.

46.     The allegations of the first sentence of paragraph 46 appear to purport to characterize the 1965 Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.  The remaining allegations of the second and third sentences of paragraph 46 are denied.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants admit the allegations of the first sentence of paragraph 48. The allegations of the second and third sentences of paragraph 48 purport to characterize the September 19, 2003 BLM memorandum requesting a rectangular net survey on window 1654, Dalton East ("2003 Memorandum"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

49.     The allegations of paragraph 49 purport to characterize the BLM special instructions dated October 1, 2003, which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

50.     The allegations of paragraph 50 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

51.     Defendants admit the allegations of paragraph 51 that the BLM approved amended special instructions in the spring of 2012. The remaining allegations of paragraph 51 purport to characterize the BLM amended special instructions dated April 22, 2012 ("2012 Amended Special Instructions"), which speaks for itself and provide the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

52.     The allegations of paragraph 52 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

53.     The allegations of paragraph 53 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

54.     The allegations of paragraph 54 purport to characterize the 2012 Amended Special Instructions, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

55. The allegations of paragraph 55 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

56. Defendants admit that BLM surveyed Township 6-23 as part of a survey conducted in 2012. The remaining allegations of paragraph 56 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

57. The allegations of paragraph 57 appear to purport to characterize the survey plats and field notes for the 2012 BLM survey ("2012 Survey Plat and Field Notes"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

58. The allegations in the first sentence of paragraph 58 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

60. The allegations of paragraph 60 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence

of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

61.     The allegations of paragraph 61 appear to purport to characterize the 2012 Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

62.     The allegations of paragraph 62 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

63.     Defendants admit the allegations of the first sentence of paragraph 63 that in May 2003 a hydrologist and cartographer from the USFWS began a field reconnaissance of a portion of the Staines/Canning River system, and deny any remaining allegations of the first sentence. The allegations of the second, third, and fourth sentences of paragraph 63 appear to purport to characterize the 2003 USFWS Trip Report for the Staines/Canning River Field Investigation ("2003 Trip Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

64.     Defendants deny the allegations of paragraph 64.

65.     The allegations of paragraph 65 purport to characterize the 2012 Survey Plats and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

66.     The allegations of paragraph 66 purport to characterize the 2012 BLM

Survey Plat and Field Notes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

67.     Defendants admit the allegations of paragraph 67.

68.     The allegations of paragraph 68 purport to characterize the Master Title Plat for the Unsurveyed Township 6 North Range 23 East of the Umiat Meridian, Alaska, current to April 25, 2017, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.  Defendants aver the Master Title Plat on file with the BLM was updated on March 4, 2021.

69.     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69 and on that basis deny them.

70.     Defendants  lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70 and on that basis deny them.

71.      The allegations of paragraph 71 purport to characterize the report titled "Analysis of the 'Mean High Water Mark of the Extreme West Bank of the Canning River'" by Mr. Broadus ("Broadus Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

72.      The allegations of paragraph 72 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

73.     The allegations of paragraph 73 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

74.     The allegations of paragraph 74 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

75.     The allegations of paragraph 75 purport to characterize the Broadus Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

76.     Defendants admit the allegations of the first sentence of paragraph 76 that between 1978 and 1980 the State filed reassertions of its Statehood Act selections for Townships 7-23, 7-24, 8-24, and 9-24.  The remaining allegations of the first sentence of paragraph 76 are vague and ambiguous, and therefore Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations of the second sentence of paragraph 76 purport to characterize Plaintiff's reassertions of its Statehood Act selections for Townships 7-23, 7-23, 8-24, and 9-24, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the third sentence of paragraph 76 and on that basis deny them.

77.     Defendants admit the allegations of the first sentence of paragraph 77 that

Plaintiff submitted requests for "topfilings" pursuant to Section 906 of ANILCA for lands within Townships 7-23, 7-24, 8-24, 8-25, 9-24, and 9-25 between 1981 and 1993, and deny any remaining allegations of the first sentence. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 77 and on that basis deny them.

78.     The allegations of paragraph 78 purport to characterize the State of Alaska's letter to the BLM dated October 17, 2014, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

79.     Defendants admit the allegations of the first sentence of paragraph 79. The allegations of the second, third, and fourth sentences of paragraph 79 appear to purport to characterize the BLM letter to the State of Alaska dated February 2, 2016, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

80.     Defendants admit the allegations of paragraph 80 that on February 25, 2016, the State of Alaska filed a notice of appeal with the BLM. The remaining allegations in paragraph 80 purport to characterize the notice of appeal, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

81.     Defendants admit the allegations of paragraph 81 that the IBLA docketed the State's appeal as IBLA No. 2016-109, and deny any remaining allegations of paragraph 80.

82.    The allegations of paragraph 82 purport to characterize Plaintiff's Statement of Reasons filed in IBLA No. 2016-109, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

83.    Defendants admit the allegations of paragraph 83.

84.    Defendants admit the allegations of the first sentence of paragraph 84. The allegations of the second sentence of paragraph 84 appear to purport to characterize Plaintiff's May 25, 2016 Statement of Reasons protesting the plat of survey for Township 6 North, Range 23 East, Umiat Meridian, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

85.    Defendants admit the allegations of paragraph 85 that BLM denied the State of Alaska's protest on November 8, 2016. The remaining allegations of paragraph 85 purport to characterize the November 8, 2016 BLM decision denying the State's protest of the plat of survey for Township 6 North, Range 23 East, Umiat Meridian ("2016 Decision"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

86.    The allegations of paragraph 86 purport to characterize the 2016 Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

87.    The allegations of paragraph 87 purport to characterize the 2016 Decision, which speaks for itself and provides the best evidence of its contents. Any allegations

contrary to its plain language, meaning, and context are denied.

88.     The allegations of paragraph 88 purport to characterize the 2016 Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

89.     Defendants aver that the Notice of Appeal was received by the BLM on December 5, 2016, and otherwise admit the allegations of paragraph 89.

90.     Defendants admit the allegations of paragraph 90.

91.     The allegations of paragraph 91 purport to characterize Plaintiff's Statement of Reasons in IBLA No. 2017-55, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

92.      Defendants admit the allegations of the first sentence of paragraph 92. The allegations of the second and third sentences of paragraph 92 purport to characterize the November 9, 2020 IBLA decision addressing IBLA No. 2016-109 and IBLA No. 2017-55 ("IBLA Decision"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

93.     The allegations of paragraph 93 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

94.     The allegations of paragraph 94 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

95. The allegations of paragraph 95 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

96. The allegations of paragraph 96 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

97. The allegations of paragraph 97 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

98. The allegations of paragraph 98 present legal conclusions, which require no response. To the extent a response is required, the allegations of paragraph 98 purport to characterize the IBLA Decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

99. Defendants admit the allegations of the first sentence of Paragraph 99. The allegations of the second sentence of paragraph 99 purport to characterize Plaintiff's Motion to Supplement Administrative Record, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

100. The allegations of paragraph 100 purport to characterize the Court's Order Re Motion To Supplement Administrative Record, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning,

and context are denied.

101.    The allegations of paragraph 101 purport to characterize Plaintiff's Supplemental Statement of Reasons in IBLA Nos. 2016-109 and 2017-55, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

102.    The allegations of paragraph 102 purport to characterize the April 2, 2024 IBLA remand decision addressing IBLA No. 2016-109 and IBLA No. 2017-55 ("IBLA Remand Decision"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

103.    The allegations of paragraph 103 purport to characterize the IBLA Remand Decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

104.    Defendants deny the allegations of paragraph 104.

## COUNT ONE

105.    The responses to paragraphs 1 through 104 are incorporated herein by reference.

106.     The allegations of paragraph 106 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

107.    The allegations of paragraph 107 consist of legal conclusions, to which no

*Alaska v. Dep't of the Interior,*                                    Case NO. 3:22-cv-0078-SLG
Defs.' Answer to First Am. Compl.                                                            20

Case 3:22-cv-00078-SLG   Document 35   Filed 08/01/24   Page 20 of 23

response is required. To the extent a response is required, these allegations are denied.

108.　　The allegations of paragraph 108 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

109.　　The allegations of paragraph 109 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

110.　　The allegations of paragraph 110 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

111.　　The allegations of paragraph 111 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

112.　　The allegations of paragraph 112 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

113.　　The allegations of paragraph 113 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

## **PRAYER FOR RELIEF**

The remainder of the First Amended Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

## **GENERAL DENIAL**

Defendants deny any allegations of the First Amended Complaint, whether express or implied, including any allegations reflected in the First Amended Complaint's section headings that are not specifically admitted, denied, or qualified herein.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      Plaintiff lacks standing to bring some or all of its claims.

3.      Plaintiff has failed to properly establish subject matter jurisdiction.

4.      Plaintiff's claims are barred under the doctrine of administrative finality.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff all relief requested, dismiss the First Amended Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.


DATED:  August 1, 2024.          TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Michael K. Robertson*
Michael K. Robertson (DC Bar 1017183)
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Michael Robertson*
Michael K. Robertson (DC Bar 1017183)
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice

*Alaska v. Dep't of the Interior,*
Defs.' Answer to First Am. Compl.

Case NO. 3:22-cv-0078-SLG
23

Case 3:22-cv-00078-SLG   Document 35   Filed 08/01/24   Page 23 of 23